IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ADOLPHER MAYES HENDLEY**                                                              **PLAINTIFF**

**v.**                                          **No. 4:12CV101-M-S**

**EARNEST LEE, ET AL.**                                                   **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Earnest Lee Hendley, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Allegations**

The plaintiff is taking psychiatric medication which sometimes causes him to become faint. He has previously lost consciousness while doing work in the kitchen in Unit 29 at the Mississippi State Penitentiary. For this reason he believes that he should not be assigned to work in the kitchen. He has requested many times to be removed from kitchen duty, but if he refuses to go, he is threatened with a rule violation report which can lead to placement in more restrictive custody. On May 1, 2012, the plaintiff told his supervisor in the kitchen that the cart for carrying sheet pans had a defective wheel, but no one ordered the cart to be repaired. Shortly afterwards, the cart rolled out of control while the plaintiff was pushing it, and it crushed two of the plaintiff's fingers, severing them. He was rushed to the hospital, and his fingers were surgically reattached. He believes that the prison staff's decisions to assign him to kitchen duty and not to

repair the sheet pan cart caused the severe injury to his fingers.

## Negligence

The plaintiff's description of events leading to his injury show, at most, that the defendants failed to exercise due care in their decisions to assign him to kitchen duty and to ignore his warnings about the defective cart. The allegations sound wholly in negligence. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). As the claims in this case amount only to negligence, they must be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 14th day of February, 2013.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**